[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] PRELIMINARY RULING ON MOTION FOR SUMMARY JUDGMENT (#114)
In the present case, the original complaint was filed after the return date which resulted in the dismissal of the case by Judge Melville in September of 1998. The present action was re-filed within one year of that time. The defendant asserts that §52-592 (accidental failure of suit) does not apply because the original action was barred by the statute of limitations.
General Statutes § 52-592 is not available to reactivate a case which was originally barred by the statute of limitations. The original complaint was filed on February 9, 1996 which is more than two years after the date of the claimed fall which took place on February 8, 1994. A review of the sheriffs return reveals that there was no compliance with General Statutes §52-593a(b) although there is a representation by the attorney for the plaintiff that the papers were delivered to the sheriff before the expiration of the statute of limitation. The sheriffs return might well justify the granting of a summary judgment. However, in view of the representation of plaintiffs counsel. counsel is given an opportunity to file, within three weeks of this issuance of notice of this ruling, compliance with General Statutes § 52-593a(b).
WILLIAM B. RUSH, JUDGE CT Page 4784